IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JEREMY JOSEPH SMITH,**

    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

CASE NO. 3:21 CV 2310

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Jeremy Joseph Smith seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 15). Plaintiff filed objections to the R&R (Doc. 16). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2017 alleging a disability onset date of November 15, 2015. (Tr. 17). His claims were denied initially and upon reconsideration. (Tr. 154, 190). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on February 22, 2019. (Tr. 74). On May 7, 2019, the ALJ found Plaintiff not disabled in a written decision. (Tr. 192). The Appeals Council remanded the case for further consideration of whether Plaintiff could perform jobs that exist in significant

numbers in the national economy given his assessed limitations. (Tr. 224). Plaintiff and a VE testified at a second administrative hearing by a second ALJ on November 24, 2020. (Tr. 41). On December 17, 2020, the ALJ found Plaintiff not disabled in a written decision. (Tr. 12). The Appeals Council declined further review, making the hearing decision the final decision of the Commissioner. (Tr. 1). Plaintiff timely filed the instant action on December 9, 2021. (Doc. 1).

Plaintiff raised two arguments related to the ALJ's decision. Plaintiff argued first that the ALJ failed to consider whether his peripheral neuropathy met or equaled Listing 11.14 at Step Three of the sequential evaluation process, and second that the ALJ failed to properly weigh the opinions of Plaintiff's treating doctors; Plaintiff contended both were reversible errors. (Doc. 15, at 16).

In her R&R, Judge Armstrong concluded neither argument had merit and the ALJ had not committed reversible error. She recommends the Court affirm the Commissioner's decision. *See* Doc. 15.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is

defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## Discussion[1]

Plaintiff raises one objection to the R&R. Plaintiff argues Judge Armstrong's R&R misapplies the applicable case law regarding the ALJ's required analysis at Step Three of the sequential evaluation process (that is, the R&R incorrectly concluded the ALJ did not err in failing to consider whether Plaintiff's peripheral neuropathy met or equaled Listing 11.14 at Step Three, as Plaintiff set forth in his first argument raised to Judge Armstrong). (Doc. 16, at 1).

In their decisions, ALJs "must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). The parties agree that the ALJ in this case did not analyze at Step Three whether Plaintiff's peripheral neuropathy met or equaled Listing 11.14, the relevant listing for peripheral neuropathy. (Doc. 15, at 17); *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 11.14. Judge Armstrong agreed with the Commissioner that this error by the ALJ was harmless because Plaintiff "failed to demonstrate that his peripheral neuropathy satisfied the criteria of Listing 11.14." *Id.*

---

1. Neither party objects Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

Plaintiff argues the line of case law Judge Armstrong relied upon to make this determination – cases following from *Smith-Johnson v. Commissioner of Social Security,* which held that an ALJ is not required to discuss whether a claimant meets a specific listing when the record does not raise a substantial question as to whether the claimant meets the requirements of the listing (579 F. App'x 426, 432 (6th Cir. 2014)) – is "not consistent with the SSA's own rules nor with other Sixth Circuit precedent." (Doc. 16, at 3). Plaintiff contends that regardless of the outcome of the ALJ's analysis of the listing requirements, the ALJ's failure to perform that analysis makes the decision subject to remand under *Reynolds*. *Id.*

This argument is incorrect. "*Reynolds* does not establish a bright line rule. The articulation requirement at Step Three is not a heightened one." *Nelson v. Comm'r of Soc. Sec.*, 2019 WL 1109338, at *2 (N.D. Ohio) (citing *Franklin ex rel. L.F. v. Comm'r of Soc. Sec.*, 2012 WL 727799, at *2 (N.D. Ohio)). The *Reynolds* holding was an articulation of the general rule that an ALJ's decision must be supported by substantial evidence and lend itself to meaningful judicial review. *Reynolds*, 424 F. App'x at 416. "Since *Reynolds*, the Sixth Circuit has expressly declined to adopt a blanket rule that remand is required whenever an ALJ provides minimal reasoning at Step Three of the sequential evaluation process." *Sistrunk v. Comm'r of Soc. Sec.*, 2018 WL 3126585, at *11 (N.D. Ohio) (citing *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359 (6th Cir. 2014)).

Even when this case is considered absent the case law to which Plaintiff objects, Plaintiff does not meet the standard for remand. Plaintiff relies on *Vaughan*, for example, in which the ALJ did not compare record evidence to the relevant listing, and the district court remanded because the Magistrate Judge's R&R found there was record evidence showing the plaintiff could reasonably meet all the listing requirements. *Vaughan v. Comm'r of Soc. Sec.*, 2018 WL 1521811, at *2 (S.D. Ohio). As the court in *Vaughan* noted, while "it is not a claimant's job to point the

4

relevant listings out to the ALJ", "[a] claimant has the burden of proving that he meets a listing." *Id.*

Unlike the plaintiff in *Vaughan*, Plaintiff in the instant case did not show he meets all requirements of the relevant listing. Listing 11.14 requires a claimant to demonstrate extreme limitation in standing from a seated position, balancing while standing or walking, or using the upper extremities. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.14A. Plaintiff argued he demonstrated an extreme limitation in standing from a seated position or balancing while standing or walking by pointing to his "difficulties with coordination, balance, and functional mobility" despite his use of a cane. (Doc. 15, at 19). As summarized by Judge Armstrong:

> Mr. Smith's argument overlooks the definition of an "extreme limitation" for purposes of Listing 11.14. Section 11.02D2 defines an extreme limitation as an inability to stand up or maintain balance "without the assistance of another person" or "an assistive device, such as a walker, two crutches, or two canes." *Id.* (emphasis added). Mr. Smith has not pointed to any evidence demonstrating that he is consistently unable to stand up or maintain balance without a walker, two crutches, or two canes. Instead, other than two periods where Mr. Smith used a walker while hospitalized in December 2016 and November 2019, Mr. Smith's testimony and medical records reflect that he makes use of a single cane. (Tr. 60, 62, 976, 2392, 3002).
>
> As courts within this district have held on multiple occasions, "it is clear that use of a single cane, standing alone, is not sufficient to demonstrate disorganization of motor function in two extremities, resulting in an extreme limitation in either the ability to stand up from a seated position or the ability to balance while standing or walking." *Boone v. Kijakazi*, 2023 WL 2153847, at *7 (N.D. Ohio); *see also Ash v. Comm'r*, 2022 WL 18863848, at *13 (N.D. Ohio), *report and recommendation adopted sub nom*, 2023 WL 2153853 (holding that plaintiff's "alleged use of a single cane cannot support a finding of an 'extreme limitation' in balance while standing or walking" under Section 11.00D2); *Pritt v. Comm'r*, at *11 (N.D. Ohio) ("although the record documents plaintiff's use of a single cane, he has pointed to no evidence indicating that he used two canes, two crutches, or a walker").

(Doc. 15, at 19) (cleaned up). And while Plaintiff relies on *Vaughan* as case law in opposition to *Smith-Johnson*, *Vaughan* itself relies on *Smith-Johnson*: Because Plaintiff did not show he met the requirements of the listing, he did not "raise a substantial question as to whether [he] could qualify

5

as disabled under [that] listing." *Vaughan*, 2018 WL 1521811, at *2 (citing *Smith-Johnson*, 579 F. App'x at 432 and *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 15) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                 s/ *James R. Knepp II*
                 UNITED STATES DISTRICT JUDGE